Robert M. Ridl, CPA Principal State Auditor Office of State Auditor 1365 Logan Street, Suite 300 Denver, Colorado 80203
Dear Mr. Ridl:
I am writing in response to your letter of July 14, 1981, which requests a legal opinion whether an investment in a bank repurchase agreement is a lawful investment for a statutory town. Your letter enclosed a copy of that security and a memorandum prepared by the bank which sold the security.
QUESTION PRESENTED AND CONCLUSION
Your specific question is whether the bank repurchase agreement between the town and the bank is a legal investment as authorized by C.R.S. 1973, 24-75-601 or C.R.S. 1973, 31-20-303.
 It is my opinion that the bank repurchase agreement is not a legal investment authorized by those statutes.
ANALYSIS
The bank repurchase agreement which is the subject of this opinion is an agreement between the bank and a statutory town whereby the town purchases an interest in a United States Treasury Note owned by the bank, and agrees to resell this interest to the bank for the original purchase price plus interest at the end of 89 days. The actual investment is not in the treasury note itself, which remains the property of the bank, but in the promise of the bank to repurchase the town's interest in that note. The bank's promise is secured by the underlying treasury note. This investment is not considered a deposit or savings account and is not insured by the Federal Deposit Insurance Corporation.
The general assembly has specifically authorized the investments which a Colorado statutory town may make with available moneys. C.R.S. 1973, 24-75-601 and C.R.S. 1973, 31-20-303 (Supp. 1980). I have examined the lawful investments described in those statutes and am unable to conclude that this bank repurchase agreement is a permissible investment.
C.R.S. 1973, 31-20-303 (Supp. 1980) authorizes the governing body of a town to authorize the town treasurer to invest in securities including "bonds of the United States, in interest-bearing obligations issued by any corporation, agency or authority created by an act of the United States Congress. . . ." That statute requires that such securities must be registered in the name of the treasurer and kept by him in the custody of a bank located in Colorado. The statute contemplates that the treasury note be owned by the town, not a third party. C.R.S. 1973,24-75-601(1)(a) and (b) also authorizes investment of public moneys in bonds or interest-bearing obligations of the United States or which are unconditionally guaranteed by the United States. However, as the third paragraph of the repurchase agreement makes evident, the United States does not guarantee that the bank will meet its obligations under the repurchase agreement.
This bank repurchase agreement is not a direct obligation of the United States government, nor is it unconditionally guaranteed by the United States government or any corporation, agency, or authority created by an act of the United States Congress. The underlying treasury note is not the property of the town and only serves as security for the bank's promise to repay the town's investment with the specified interest. This investment is not insured by the Federal Deposit Insurance Corporation or any other federal body.
It is significant that the general assembly has expressly authorized at least one custodian of public moneys to make this type of investment. The state treasurer may invest state moneys in repurchase agreements. C.R.S. 1973, 24-36-113(3) and (5)(a) (Supp. 1980). In the absence of similar specific statutory language authorizing investment by custodians of town funds in repurchase agreements, I am unable to conclude that the general assembly has authorized the town to invest in this security.
SUMMARY
It is therefore my opinion that a statutory town is not authorized by C.R.S. 1973, 24-75-602 or C.R.S. 1973, 31-20-303 to invest in a repurchase agreement with a bank even though that agreement is secured by a United States Treasury Note in which the town could lawfully invest. If you have additional questions concerning this matter, please do not hesitate to contact me.
Very truly yours,
 J.D. MacFARLANE Attorney General
PUBLIC FUNDS SECURITIES MUNICIPAL CORPORATIONS
C.R.S. 1973, 24-75-601
C.R.S. 1973, 31-20-303
LEGISLATIVE BRANCH Auditor, Office of State AFFAIRS, LOCAL, DEPT. OF
Statutory town is not authorized by statute to invest public moneys in repurchase agreement even though repurchase agreement is secured by United States Treasury Note.